IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KIM GARZA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00829-P |
| § | |
| ARLINGTON INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Arlington Independent School District's ("AISD") Motion for Summary Judgment (ECF No. 59), Plaintiff Kim Garza's Response (ECF No. 77), and AISD's Reply (ECF No. 81). Having considered the motion, briefing, and applicable law, the Court finds that AISD's Motion for Summary Judgment should be and hereby is **GRANTED.** Accordingly, Garza's claims against AISD are hereby **DISMISSED with prejudice.**

### BACKGROUND

1. **Undisputed Facts**

AISD hired Garza to teach art at Amos Elementary School in 2002. MSJ App. at 7–8, ECF No. 61. On March 22, 2017, Garza filed a charge with the U.S. Equal Employment Opportunity Commission alleging age, race, and national origin discrimination, as well as retaliation. In October 2017, Garza was hospitalized due to an increase in her blood pressure, lost control of her bodily functions multiple times, saw her mental health

deteriorate to a point where she struggled to develop and maintain personal relationships, and was diagnosed with paranoia, depression, anxiety, and Post-Traumatic Stress Disorder which stem from the alleged discrimination.[1]

The PTSD that Garza suffers from stemmed from the following 2012 events: (1) Principal DeLeon taking Garza by the shoulders and leading her from the hallway to her classroom, opening the door, and pushing her into the classroom; (2) DeLeon "forcefully whispering" for Garza to leave a meeting she was not supposed to be at and then taking her by the arm and leading her out of the room, resulting in a police report of assault; (3) DeLeon following Garza in her vehicle; and (4) a student playing with scissors close to Garza's hair and neck. MSJ App. at 18–21, 22–25, 42–43. DeLeon left AISD in 2013. *Id.* at 84.

Garza began full-time leave under the Family Medical Leave Act ("FMLA") around December 21, 2017. *Id.* at 13–14. Following the expiration of FMLA leave, Garza transitioned to temporary disability through AISD. *Id.* at 14. Garza's doctor never cleared her to return to work. *Id.* at 12. On July 31, 2019, Garza voluntarily elected to resign her continuing contract with AISD. *Id.* at 9–11.

---

[1]AISD cites to the Court's Motion to Dismiss Order (ECF No. 38) and AISD's Motion to Dismiss Appendix (ECF No. 30) to support these facts. Under Local Rule 56.6, this is improper summary judgment evidence that could be ignored by the Court. Fortunately for AISD, Garza does not dispute these facts and admits that they are true. In the future, AISD's counsel would be wise to pay attention to the Local Rules and comply with briefing requirements established therein.

**2. Garza's Presented Facts**

The Court notes that Garza's lone citation in her response brief's fact section states that "Material Facts items a through cc are found in the Appendix." MSJ Resp. Br. at 9 n. 5, ECF No. 78. This is wholly inadequate and in direct contradiction with the Local Rules and established jurisprudence. Parties are required to proffer evidence through appendices to their motions or briefs and articulate the relevance of that evidence in order to meet the burdens of production or articulation that may arise. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A court is not obligated to sift through the evidence and construct theories of the case that support or negate a motion for summary judgment. The Fifth Circuit established almost thirty years ago that "[j]udges are not ferrets" under Rule 56. *Nicholas Acoustics & Specialty Co. v. H & M Constr. Co., Inc.*, 695 F.2d 839, 846–47 (5th Cir. 1983). The Fifth Circuit has more recently reiterated that "[j]udges are not like pigs, hunting for truffles buried in briefs." *de la O v. Housing Auth. of City of El Paso, Texas*, 417 F.3d 495, 501 (5th Cir. 2005) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)), *cert. denied* 546 U.S. 1062 (2006); *Santos v. Evergreen Alliance Golf, LP*, 650 F. Supp. 2d 604, 611 (S.D. Tex. 2009).

Garza first disputes two sets of facts that AISD included in their "Undisputed Facts" section and then asserts a series of facts labeled "a" through "cc." These facts provide a procedural history as well as address allegations involving Principal Laird. *See* Resp. Br. at 9–12, ECF No. 78. However, as noted above, Garza provides no citation or guidance directing the court to where in her 254-page appendix those facts are substantiated by summary judgment evidence. Accordingly, the Court will

3

regard AISD's facts as undisputed and Garza's facts as insufficient to meet her burden as the nonmovant in this case to create genuine issues of material fact. *See Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004).

## LEGAL STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its

burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor. . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi*, 98 F. App'x. at 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

### 1. AISD Fails to Cleary Establish that Garza's Claims are Untimely

AISD asserts timeliness as a bar to Garza's remaining claims—an affirmative defense for which AISD would have the burden of proof at trial. Therefore, AISD has the burden on summary judgment to establish each element of that defense as a matter of law. *Crescent Towing & Salvage Co., Inc. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994) (citing *Celotex Corp.*, 477 U.S. at 322–23).

AISD spends multiple pages arguing that Garza's claims are untimely filed but fails to address any of the factual allegations against Laird that appear to be potentially timely. Due to this gap in its argument, AISD has failed to carry this burden and prove that there

is no genuine issue of material fact on the issue of the timeliness of Garza's claims. Therefore, summary judgment cannot be granted on this ground.

### 2. Garza has not raised a fact issue on all elements of her ADEA Age Discrimination Claim

AISD moves for summary judgment on Garza's ADEA claims of age discrimination, challenging both the qualification and adverse employment action elements. *See* MSJ Br. at 12–14, ECF No. 60. Garza fails to adequately support her allegations, and therefore summary judgment must be granted in favor of AISD on these claims.

In analyzing an ADEA age discrimination claim, the Court performs the *McDonnell Douglas* test, requiring a plaintiff to prove: (1) she is within the protected class; (2) she is qualified for the position; (3) she suffered an adverse employment decision; and (4) she was replaced by someone younger or treated less favorably than similarly situated younger employees. *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The protected class includes individuals who are at least forty years old. *See* 29 U.S.C. § 631(a). A plaintiff challenging her termination or demotion can ordinarily establish a prima facie case of age discrimination by showing that she continued to possess the necessary qualifications for her job at the time of the adverse action, that is that she had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered her unfit for the position for which she was hired. *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1506 & n. 3 (5th Cir. 1988). For all Title VII and ADEA claims, adverse employment

actions consist of "ultimate employment decisions, such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014); *see Jenkins v. City of San Antonio Fire Dep't*, 12 F. Supp. 3d 925, 940 (W.D. Tex. 2014) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007)).

Garza admits in her deposition that she was not medically cleared to return to work by her doctor at any time before resigning. *See* MSJ App'x at 11, ECF No. 61. The Fifth Circuit has held that being disabled and unable to work due to doctor's orders renders one "unqualified" to perform work for the purpose of ADA, ADEA, and Title VII claims. *See Munoz v. Seton Healthcare, Inc.*, 557 Fed. Appx. 314, 319 (5th Cir. 2014) (applying the *McDonnel Douglas* test in analyzing ADA, ADEA, and Title VII claims). Because she was not medically cleared to return to work, it follows she was not qualified and cannot establish the second element of her ADEA claim.

Further, Garza must establish that she suffered an adverse employment action. But Garza admits in her deposition that she resigned for her own reasons and that she was unaware of any adverse employment actions taken against her by AISD at any time. *See* MSJ Appx. at 60–62. By providing this testimony, Garza refuted the existence of the third element of her own ADEA claim.

In failing to provide appropriate citations to specific evidence proving the qualification element and adverse employment action element of her claim, Garza has failed to establish that she is entitled to relief under the ADEA. Accordingly, the Court finds that summary judgment should be and hereby is **GRANTED** in favor of AISD, and

that Garza's ADEA claims against AISD should be and hereby are **DISMISSED with prejudice.**

### 3. Garza has not raised a fact issue on all elements of her ADA Disability Discrimination Claim

Garza's ADA claim, like her ADEA claim, requires the Court to perform the *McDonnell Douglas* test. Garza must set forth evidence that: (1) she has a disability; (2) she was qualified for the position; (3) she was subject to an adverse employment decision on account of her disability. *Delaval v. PTECH*, 824 F.3d 476, 5479 (5th Cir. 2016). As determined above, Garza was neither qualified nor was she subject to an adverse employment action. As a result, Garza fails to establish two of the essential elements of her ADA claim. Accordingly, the Court finds that summary judgment should be and hereby is **GRANTED** in favor of AISD, and that Garza's ADA claims against AISD should be and hereby are **DISMISSED with prejudice.**

### 4. Garza has failed to establish all elements of her Title VII Claims

Garza maintains two Title VII claims against AISD: retaliation and hostile work environment. To establish a prima facie case of retaliation, Garza must prove that: (1) she participated in a Title VII protected activity; (2) she suffered an adverse employment action by her employer; and (3) that there is a causal connection between the protected activity and the adverse action. *See McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). To establish a prima facie case of hostile work environment under Title VII, Garza must prove she: "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on a protected characteristic; (4) the

harassment complained of affected a term, condition, or privilege of employment." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

The retaliation claim, as discussed above, fails on the adverse employment action element. Because Garza cannot prove that she suffered an adverse employment action, the Court finds that summary judgment should be and hereby is **GRANTED** in favor of AISD. Accordingly, Garza's Title VII retaliation claim is **DISMISSED with prejudice.**

Garza alleges that AISD created a hostile work environment as a result of her being "a female of Hispanic heritage while employed by Defendant AISD." Garza's entire case, aside from this one claim, is predicated on age and disability discrimination. In fact, Garza has provided no evidence that any of the harassment or discrimination that she is alleging occurred because of her ethnicity or gender. Because she has provided no such evidence, Garza has failed to establish the third element requiring that the harassment was based on a protected characteristic. Accordingly, the Court finds that summary judgment should be and hereby is **GRANTED** in favor of AISD and Garza's Title VII hostile work environment claim is **DISMISSED with prejudice.**

## CONCLUSION

The Court finds that summary judgment should be and hereby is **GRANTED** in favor of Arlington ISD and Garza's claims are **DISMISSED with prejudice.**

**SO ORDERED** on this **29th day** of **May, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE